```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
```

| | |
|---|---|
| JEAN-GASPERE PIERRE, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | 15-CV-4881 (MKB) |
| HUMAN RIGHTS DIVISION, | |
| Defendant. | |

```
----------------------------------------------------------------
```
MARGO K. BRODIE, United States District Judge:

Plaintiff Jean-Gaspere Pierre, proceeding *pro se*, filed the above-captioned action against Defendant New York State Division of Human Rights ("NYSDHR"), apparently challenging the handling of the discrimination complaint filed with the agency.[1] (Comp. 1, Docket Entry No. 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the Complaint is dismissed.

I. **Background**[2]

Plaintiff filed a complaint with the NYSDHR against Plaintiff's employer, F.J.C. Security Services, Inc., which was not handled to Plaintiff's satisfaction. (Compl. 1–2.[3]) Among the numerous documents attached to the Complaint are what appear to be portions of two NYSDHR

---

[1] Although Plaintiff referred to Defendant as Human Rights Division, the Court understands Plaintiff to be referring to the New York State Division of Human Rights based on the documents attached to the Complaint.

[2] The following allegations are taken from the Complaint and are assumed to be true for purposes of this motion.

[3] Because the Complaint and the attached documents are not consecutively paginated, all citations to pages of the Complaint and attachments refer to the Electronic Document Filing System ("ECF") pagination.

Verified Complaints bearing Case Numbers 10169455 and 10170330 (the "NYSDHR Complaints"). (*Id.* at 3–7.) The NYSDHR Complaints allege discrimination and retaliation on the basis of sex in violation of the New York State Human Rights Law, Section 296 and Title VII of the federal Civil Rights Act of 1964. (*Id.* at 3, 7.) There are also a series of other documents attached to the Complaint related to Plaintiff's employment with FJC Security Services, and Plaintiff's correspondence with the NYSDHR. (*Id.* at 4–25.)

Plaintiff alleges that several NYSDHR employees "are indicted and involved in a series of acts of criminal activities, in falsifying, lying, and [making] false statements using the computer screen to make a false statement to support my [e]mployer[,] F.J.C. Security Services, Inc." (*Id.*) The Complaint does not indicate the circumstances or outcome of any case Plaintiff filed, or was involved in, with NYSDHR, but the Complaint attaches a December 23, 2014 letter from Plaintiff to the "Board of General Counsel" of the "State Division of Human Rights," in which Plaintiff states that his complaint was "determined and closed on December 10, 2014." (*Id.* at 9.) Plaintiff now seeks $600,000 in damages for "emotional distress and physical or material cost."[4] (*Id.* at 2.)

## II. Discussion

### a. Standard of review

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it."

---

[4] The Court notes that Plaintiff has a pending claim against Airserv Security as a defendant alleging national origin and language discrimination in employment in violation of Title VII, which does not appear to be related to the instant case. *Pierre v. Airserv Security*, No. 14-CV-5915 (E.D.N.Y.). However, Plaintiff also has another pending action against F.J.C. Security Services that appears related to the conduct complained of in the NYSDHR Complaints. *See Pierre v. F.J.C. Security Services*, No. 15-CV-4727 (E.D.N.Y.).

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010). In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

    b.  **Lack of jurisdiction**

Plaintiff asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, but he does not identify any federal question raised by his claims. (*Id.*) Plaintiff appears

to challenge the NYSDHR's investigation and ultimate determination of his discrimination and retaliation claims against F.J.C. Security Services. This Court has no jurisdiction to review such a challenge.

Pursuant to New York Executive Law section 298, any appeal of an administrative determination by the NYSDHR "shall be brought in the supreme court in the county wherein the discriminatory practice . . . occurs."[5] N.Y. Exec. Law § 298; *see also York v. Assoc. of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) ("Once a plaintiff brings a case before the NYSDHR, he or she may appeal only to the Supreme Court of State of New York."); *McPherson v Plaza Athenee, NYC*, No. 12-CV-0785, 2012 WL 3865154, at *7 (S.D.N.Y. Sept. 4, 2012) (remanding petition seeking review of NYSDHR's "no probable cause" determination to state court because "the Court lacks jurisdiction to review the NYSDHR's administrative determination"). Accordingly, the Court dismisses Plaintiff's claims for lack of subject matter jurisdiction.[6]

---

[5] New York Executive Law section 298 provides in pertinent part:
Any complainant, respondent or other person aggrieved . . . by an order of the division which makes a final disposition of a complaint may obtain judicial review thereof . . . in a proceeding as provided in this section. Such proceeding shall be brought in the supreme court in the county wherein the unlawful discriminatory practice which is the subject of the order occurs . . . .
N.Y. Exec. Law § 298.

[6] To the extent Plaintiff is not asserting claims as to the process used by NYSDHR in reaching its decision, and is instead attempting to bring a claim for damages against NYSDHR, such a claim is barred by the Eleventh Amendment. *See Rullan v. New York City Dep't of Sanitation*, No. 10-CV-8079, 2011 WL 1833335, at *6 (S.D.N.Y. May 12, 2011) ("[C]laims against NYSDHR must also be dismissed because the Eleventh Amendment immunizes the agency from suit."); *McPherson v. Plaza Athenee, NYC*, No. 12-CV-0785, 2012 WL 3865154, at *6 (S.D.N.Y. Sept. 4, 2012) ("Federal civil rights lawsuits against the NYSDHR are barred by the Eleventh Amendment."), *aff'd sub nom. McPherson v. Hotel Plaza Athenee, NYC*, 538 F. App'x 109 (2d Cir. 2013); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89,

## III. Conclusion

Plaintiff's request to proceed *in forma pauperis* is granted. However, because the Court has no jurisdiction to hear challenges to determinations made by the New York State Division of Human Rights in adjudicating complaints, the Complaint is dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 8, 2016
      Brooklyn, New York

---

100 (1984); *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 151–52 (2d Cir.) ("[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." (citation and internal quotation marks omitted)), *cert. dismissed*, 133 S. Ct. 2823 (2013); *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) (The Eleventh Amendment "render[s] states and their agencies immune from suits brought by private parties in federal court.").

    As a result, to the extent Plaintiff's claim is not a challenge to the NYSDHR's decision on his NYSDHR complaint, but is based on some other theory of NYSHDR's liability for damages, the Court *sua sponte* dismisses that claim. *See Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006) (recognizing that courts may raise the issue of Eleventh Amendment immunity *sua sponte*). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff has not alleged that either of these exceptions applies. Since the state and the state agency are shielded from suits for damages by the Eleventh Amendment, all of plaintiff's claims against the New York State Division of Human Rights are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.